UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF MISSISSIPPI
WESTERN DIVISION

DEJUAN MARQUIS JOHNSON                                                    PLAINTIFF

VERSUS                                              CIVIL ACTION NO. 5:24-cv-47-DCB-ASH

PIKE COUNTY JAIL                                                          DEFENDANT

MEMORANDUM OPINION AND ORDER OF DISMISSAL

This cause is before the Court sua sponte. Pro se Plaintiff Dejuan Marquis Johnson was an inmate at the Pike County Jail in Magnolia, Mississippi, when he filed the instant Complaint under 42 U.S.C. § 1983 on May 13, 2024. Having reviewed the record, the Court finds that because Plaintiff has failed to comply with the Orders of this Court and has failed to provide a current address this civil action should be dismissed.

On March 7, 2025, the Court entered an Order [14] directing pro se Plaintiff Dejuan Marquis Johnson to file his written response on or before March 26, 2025. That Order directed Plaintiff to provide the Court with additional information about his claims asserted in his Complaint [1]. Order [14] at 2–3. That Order [14] was mailed to Plaintiff at his last known address, and the envelope containing that Order [14] was returned by the postal service as undeliverable. Mail Returned [15] at 1. Plaintiff did not comply or otherwise contact this Court with a change of address.

When Plaintiff failed to comply with the Order [14], an Order to Show Cause [16] was entered on April 4, 2025, directing Plaintiff to respond and comply with the Order [16] on or before April 18, 2025. Plaintiff was once again warned that failure to comply or advise the Court of a change of address could result in the dismissal of the instant civil action. Order [16] at 2. That Order [16] was mailed to Plaintiff at his last known address, and the envelope containing that

Order [16] has been returned as undeliverable. *See* Mail Returned [17] at 1. A review of the docket reveals that Plaintiff has not complied with the Order to Show Cause [16] or otherwise communicated with the Court concerning this civil action since filing his Response [13] on October 29, 2024.

Since Plaintiff is proceeding *pro se* he was provided one final opportunity to comply with the Court's orders before the dismissal of this case. On April 28, 2025, the Court entered a Second and Final Order to Show Cause, directing Plaintiff to show cause by May 12, 2025, why this case should not be dismissed for failure to obey the Court's prior orders. Second and Final Order to Show Cause [18] at 2. The Second and Final Order to Show Cause specifically warned Plaintiff that his "failure to advise the Court of a change of address . . . or failure to timely comply with any order of the Court . . . will result in this cause being dismissed without prejudice and without further notice to the Plaintiff." *Id*. (emphasis in the original). That Second and Final Order to Show Cause also warned Plaintiff that this was his "final opportunity to comply with the Orders [14] [16] of the Court." *Id*. (emphasis in the original). The envelope containing that Final Order to Show Cause was returned as undeliverable with a red label "Person Not Here. Return to Sender." Mail Returned [19] at 1.

Plaintiff has not contacted this Court since he filed his Response [13] on October 29, 2024. Petitioner has failed to comply with three Court Orders [14] [16] [18], and he has failed to advise the Court of his current address. The Court warned Plaintiff on previous occasions that failure to advise of his change of address or failure to comply with the Court's orders would lead to the dismissal of this case. *See* Final Order to Show Cause [18] at 3; Order to Show Cause [16] at 2; Order [14] at 3; Order [12] at 2; Order [10] at 2; Order [9] at 2; Order [6] at 3;

2

Order [3] at 2; Notice of Assignment [1-2] at 1. It is apparent from Plaintiff's failure to comply with the Court's orders and his failure to advise the Court of his current address that he lacks interest in pursuing this case.

The Court has the authority to dismiss an action for a Plaintiff's failure to prosecute under Federal Rule of Civil Procedure 41(b), and under its inherent authority to dismiss the action sua sponte. *See Link v. Wabash R.R. Co.*, 370 U.S. 626, 630 (1962); *McCullough v. Lynaugh*, 835 F.2d 1126, 1127 (5th Cir. 1988). The Court must be able to clear its calendar of cases that remain "dormant because of the inaction or dilatoriness of the parties seeking relief[,] . . . so as to achieve the orderly and expeditious disposition of cases." *Link*, 370 U.S. at 630-31. Such a "sanction is necessary in order to prevent undue delays in the disposition of pending cases and to avoid congestion in the calendars of the District Courts." *Id.* at 629-30.

As the record demonstrates, lesser sanctions than dismissal have not prompted "diligent prosecution," but instead such efforts have proven futile. *Tello v. Comm'r*, 410 F.3d 743, 744 (5th Cir. 2005) (citation omitted). Dismissal without prejudice is warranted. Accordingly, it is

ORDERED AND ADJUDGED that, this civil action is dismissed without prejudice for failure to obey the Court's orders and to prosecute. A separate judgment will be entered pursuant to Federal Rule of Civil Procedure 58.

SO ORDERED AND ADJUDGED, this the  21st   day of May, 2025.

                                                s/David Bramlette
                                                UNITED STATES DISTRICT JUDGE